Robert J. Lauson, Esq. (SBN 175,486)
Judd M. Patton, Esq. (SBN 320,240)
LAUSON & ASSOCIATES
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com
judd@lauson.com

Attorneys for Plaintiff
Caravan Canopy Int'l, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA— WESTERN DIVISION

| | |
|---|---|
| **CARAVAN CANOPY INT'L, INC.,** a California Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**WALMART, INC.,** a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>**Defendant.** | **CASE NO.: 2:19-cv-06978**<br><br>**Complaint For:**<br><br>**Patent Infringement**<br>**35 U.S.C. § 271**<br><br>*Demand For Jury Trial* |

Plaintiff Caravan Canopy Int'l, Inc. asserts the following claims against Defendant Walmart, Inc. as follows:

## THE PARTIES

1. Plaintiff is a corporation organized under the laws of the state of California, with offices located at 14600 Alondra Boulevard, La Mirada, CA 90638.

2.     Upon information and belief, Defendant WALMART Inc., is a corporation organized under the laws of the state of Delaware, having a principal place of business at 708 South West 8th Street, Bentonville, Arkansas 72716. Walmart has brick and mortar stores throughout Southern California.

**JURISDICTION AND VENUE**

3.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

4.     This Court has personal jurisdiction over the Defendant because it is physically located and has done substantial business in this judicial district, including: (1) committing acts of patent infringement in this judicial district and elsewhere in California; (2) regularly conducting business in California and this judicial district; (3) directing advertising to and/or soliciting business from persons residing in California and this judicial district; and (4) engaging in other persistent courses of conduct and/or deriving substantial revenue from infringing products provided to persons in California and this judicial district. Defendant has purposefully established systematic and continuous contacts with California and this judicial district, and should reasonably be expected to be haled into court here.

5.     Venue is proper in this Court under 28 U.S.C. § 1400(b) as the Defendant resides in this judicial district, and has committed acts of infringement and has a regular and established place of business here.

///

## FACTUAL BACKGROUND

6. Since 1999, Plaintiff is a leading USA-based manufacturer and supplier of "instant" canopies, and related goods for use in professional environments such as outdoor trade shows, farmers markets and the like and/or recreational environments such as at a beach or park. Beneath the protection of these instant canopies, friends and families come together, connections are made, conversations are had, and businesses have flourished. Plaintiff's products include a wide variety of collapsible tents, tent frames, height adjusters, sidewalls and skirts, seating, roller bags for transport, among others with many of these products fully customizable.

7. Plaintiff is highly innovative and has at least twenty (20) patents issued to it:

- US 7,240,686
- US 7,395,830
- US 7,360,549
- US 5,794,640
- US 5,944,040
- US 6,152,157
- US 6,575,656
- US 7,428,908
- US 7,308,901
- US RE40657
- US 7,380,563
- US 7,025,075
- US 7,311,113
- US RE40544
- US 8,220,477
- US 7,673,643
- US 7,207,344
- US 6,868,858
- US 7,240,685
- US 6,478,039

## PLAINTIFF'S "INSTANT" CANOPY TECHNOLOGY

8. Plaintiff's collapsible tent frames include a plurality of scissor type ribs attached to telescoping side poles which may be quickly and easily collapsed or deployed with improved structural rigidity over the prior art. Plaintiff's collapsible frame is a popular feature for use and enjoyment by persons seeking to rapidly deploy tents in a variety of settings.

9. Plaintiff is the owner of U.S. Patent No. 5,944,040 ("the '040 patent"), entitled "Collapsible Tent Frame," which describes and claims a

collapsible tent frame easily deployed for a heightened interior space. The '040 patent issued on August 31, 1999, and a true and correct copy is attached hereto as Exhibit A, along with the assignment to Plaintiff as Exhibit B. Plaintiff, at all relevant times has marked its patented tent frames with the '040 patent number providing constructive notice of its patent rights.

## Defendant's Unlawful Conduct

10. Defendant makes, imports, uses, offers to sell, and sells a wide range of products branded under the label of "Ozark Trail" including collapsible "instant" tent canopies. These products are specifically identified below:

Ozark Trail

- Straight Leg Instant Tailgate Canopy 10 ft. x 10 ft.
- 12 ft. x 12 ft. Instant Canopy
- 14 ft. x 14 ft Instant Canopy
- 8 ft. x 10 ft. Parking Spot Instant Canopy
- 10 ft. x 10 ft. Slant Leg Canopy

11. See Exhibit C, online advertisements of the accused infringing products. Upon information and belief, Defendant sold at least the product brands identified above. Upon information and belief, such sales have been occurring for several years.

12. Given the striking similarity of the accused infringing product to the patented product, upon information and belief, the patented product was directly copied.

/ / /

# PATENT INFRINGEMENT

## Count I- Direct Infringement Of The '040 Patent

13. Plaintiff repeats and realleges all preceding paragraphs of this complaint as though fully set forth herein.

14. The '040 patent was valid and enforceable during the term of those patent rights.

15. Plaintiff being the owner of the '040 patent by assignment possesses all rights to enforce and prosecute this action for infringement, and to collect damages for all relevant times against infringers of the '040 patent. Accordingly, Plaintiff possesses standing to sue for infringement of the '040 patent.

16. Defendant manufactured, caused to be manufactured, imported, distributed, used, offered to sell and/or sold pop-up cathedral style tents infringing the '040 patent in the U.S. including California and this judicial district.

17. Defendant's products infringe claims 1-3 of the '040 patent. See attached Exhibit D, preliminary claim chart, showing the claims are literally infringed or infringed under the Doctrine of Equivalents for the Ozark Trail product. That is, if any limitation is literally absent, the differences between the '040 patent claims and the accused Ozark Trails "instant" tent canopies are insubstantial.

18. Plaintiff was harmed by Defendant's sales in an amount subject to proof at trial.

**Prayer For Relief**

WHEREFORE, Plaintiff requests that this Court find in its favor and against Defendant, and grant Plaintiff the following:

a. Judgment that one or more claims of the '040 patent were directly infringed, either literally or under the doctrine of equivalents, by Defendant.

b. Judgment that Defendant account for and pay to Plaintiff all damages including lost profits and other losses incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, or at a minimum a reasonable royalty;

c. That this Court declare this an exceptional case and award Plaintiff to the extent available and appropriate, enhanced damages under 35 U.S.C. § 284;

d. That also to the extent available and appropriate, considering the totality of the circumstances including factors such as, for example, Defendant's litigation positions, whether its proposed claim constructions and non-infringement defenses were reasonable, etc., that this Court again declare this an exceptional case and award Plaintiff its reasonable attorney's fees in accordance with 35 U.S.C. § 285, and costs as the prevailing party,

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

- 4 -

      f.      That Plaintiff be granted such other and further relief as this Court may deem just and proper under the circumstances.

                                         Respectfully Submitted,

DATED: August 12, 2019        LAUSON & ASSOCIATES

By: /judd patton/
     Robert J. Lauson, Esq.
     Judd M. Patton, Esq.
     Attorney for Plaintiff
     Caravan Canopy Int'l, Inc

- 5 -

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1

Plaintiff hereby requests a trial by jury on all claims so triable.

DATED: August 12, 2019    Respectfully Submitted,

LAUSON & ASSOCIATES

By: /judd patton/
    Robert J. Lauson, Esq.
    Judd M. Patton, Esq.
    Attorney for Plaintiff
    Caravan Canopy Int'l, Inc.