1

KILPATRICK TOWNSEND & STOCKTON LLP
Steven D. Moore (Bar No. 290875)

2

smoore@kilpatricktownsend.com

3

Two Embarcadero Center, Suite 1900
San Francisco, CA 94111

4

Telephone:  (415) 576-0200

5

Facsimile:   (415) 576-0300

6

7

Megan M. Chung (Bar No. 232044)
mchung@kilpatricktownsend.com

8

9720 Wilshire Blvd. PH
Beverly Hills, CA  90212-2018

9

Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363

10

11

12

Attorneys for Defendant
WALMART INC.

13

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

16

SOUTHERN DIVISION

17

18

CARAVAN CANOPY INT'L, INC.,
A CALIFORNIA CORPORATION,

19

20

Plaintiff,

21

v.

22

WALMART INC., A DELAWARE

23

CORPORATION, AND DOES 1
THROUGH 10, INCLUSIVE,

24

25

Defendants.

26

27

28

Case No.: 2:19-cv-06978-AG-ADS

**ANSWER AND COUNTERCLAIMS
TO COMPLAINT FOR PATENT
INFRINGEMENT**

**JURY TRIAL DEMANDED**

Defendant Walmart Inc. ("Defendant" or "Walmart") answers the allegations in the Complaint of Caravan Canopy Int'l, Inc. ("Plaintiff" or "Caravan") dated August 12, 2019 (the "Complaint").

## PARTIES

1.     Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and on that basis denies them.

2.     Walmart admits that it is a corporation organized under the laws of the state of Delaware.  Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.     Walmart admits that this is an action that purports to arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 3.

4.     Walmart denies that it has committed any acts of patent infringement in this District or elsewhere.  Walmart admits that it is subject to personal jurisdiction in this District, that it transacts business in the State of California, and that Walmart has a regular and established place of business in the District.  Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 4.

5.     Walmart denies that it has committed any acts of infringement.  While Walmart admits that venue is proper in this Court under 28 U.S.C. § 1400(b) for this action and that Walmart has a regular and established place of business in the District, Walmart maintains that venue in this Court is inconvenient.  Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 5.

## FACTUAL BACKGROUND

6.    Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and on that basis denies them.

7.    Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and on that basis denies them.

8.    Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and on that basis denies them.

9.    Walmart admits that what purports to be a copy of U.S. Patent No. 5,944,040 ("the '040 patent") is attached to the Complaint as Exhibit A.  Walmart admits that on its face Exhibit A is entitled "Collapsible Tent Frame."  Walmart further admits that on its face Exhibit A has an issuance date of August 31, 1999. Walmart admits that what purports to be a "Declaratory Judgment; Dismissal of Remaining Claims and Counterclaims" is attached to the Complaint as Exhibit B. Except as expressly admitted herein, Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and on that basis denies them.

10.    Walmart admits it sold, sells, and/or offers to sell the Ozark Trail 12 ft. x 12 ft. Instant Canopy.  To Walmart's knowledge, Walmart denies that it makes, imports, uses, offers to sell, and/or sells the Ozark Trail 14 ft. x 14 ft. Instant Canopy, Ozark Trail 10 ft. x 10 ft. Slant Leg Canopy, Ozark Trail Straight Leg Instant Tailgate Canopy 10 ft. x. 10 ft., and/or Ozark Trail 8 ft. x 10 ft. Parking Spot Instant Canopy.  To be clear, Walmart admits it sold, sells, and/or offers to sell the products identified below:

- Ozark Trail 10 ft. x 10 ft. Instant Slant Leg Canopy
- Ozark Trail 10 ft. x. 10 ft. Straight Leg Instant Tailgate Canopy
- Ozark Trail 14 ft. x 14 ft. Instant Lighted Canopy
- Ozark Trail 14 ft. x 14 ft. Instant Canopy With LED Lighting System
- Ozark Trail 8 ft. x. 10 ft. Parking Spot Instant Tailgate Canopy

- 2 -

1   Walmart denies that any of these products infringe any claims of the '040
2   patent.  Except as expressly admitted herein, Walmart denies the remaining
3   allegations in Paragraph 10.

4       11.    Walmart admits that what purports to be a website listing on
5   Walmart.com for the Ozark Trail 10' x 10' Straight Leg Instant Tailgate Canopy is
6   attached to the Complaint as Exhibit C.  Walmart admits that it sold certain
7   products under the Ozark Trail brand.  Except as expressly admitted herein,
8   Walmart denies the remaining allegations in Paragraph 11.

9       12.    Walmart denies the allegations in Paragraph 12.

10      **(Count I – Alleged Direct Infringement of the '040 Patent)**

11      13.    Walmart incorporates its answers to Paragraphs 1 through 12 above as
12   if fully set forth herein.

13      14.    Walmart is without knowledge or information sufficient to form a
14   belief as to the allegations set forth in Paragraph 14, and on that basis denies them.

15      15.    Walmart is without knowledge or information sufficient to form a
16   belief as to the allegations set forth in Paragraph 15, and on that basis denies them.

17      16.    Walmart admits that it sold Ozark Trail 12 ft. x 12 ft. Instant Canopy.
18   Walmart denies that it sold all other products identified in Paragraph 10 of the
19   Complaint.  Walmart denies that any of the products identified in Paragraph 10 of
20   this Answer infringe any claims of the '040 patent.  Except as expressly admitted
21   herein, Walmart denies the allegations of Paragraph 16.

22      17.    Walmart admits that what purports to be a preliminary claim chart for
23   an unidentified Ozark Trail Canopy is attached to the Complaint as Exhibit D.
24   Walmart denies that any of the products identified in Paragraph 10 of this Answer
25   infringe any claims of the '040 patent literally or under the doctrine of equivalents.
26   Except as expressly admitted herein, Walmart denies the remaining allegations of
27   Paragraph 17.

28      18.    Walmart denies the allegations of Paragraph 18.

KILPATRICK TOWNSEND 72457678 1

1            **PLAINTIFF'S PRAYER FOR RELIEF**

2            The Prayer for Relief section of the Complaint sets forth Plaintiff's requests

3 of the Court and requires no answer.  To the extent an answer is required, Walmart

4 denies the allegations set forth in Plaintiff's Prayer for Relief and denies that

5 Plaintiff is entitled to any relief whatsoever as to Walmart.

6                  **GENERAL DENIAL**

7            Walmart denies each and every allegation, matter, or thing contained in the

8 Complaint, expressed or implied, not expressly admitted herein.

9              **AFFIRMATIVE DEFENSES**

10            Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that

11 any of the following necessarily must be pled as an affirmative defense or that

12 Walmart necessarily bears the burden of persuasion for any of the following,

13 Walmart incorporates by reference each of its responses to Paragraphs 1 through 18

14 as if fully set forth herein and asserts the following defenses to Plaintiff's

15 Complaint:

16             **FIRST AFFIRMATIVE DEFENSE**

17                **(Non-Infringement)**

18       1.       Walmart's sale and offering for sale of any product, system, and/or

19 method does not and has not infringed, directly or indirectly, contributorily or by

20 inducement, any valid claim of the '040 patent, either literally or under the doctrine

21 of equivalents.

22            **SECOND AFFIRMATIVE DEFENSE**

23     **(Prosecution History Estoppel/Prosecution Disclaimer)**

24       2.       Plaintiff is estopped from asserting that Walmart infringes any valid

25 claim of the '040 patent for reasons including, but not limited to, prosecution

26 history estoppel and positions taken and arguments made to the U.S. Patent and

27 Trademark Office ("USPTO").

28

WALMART'S ANSWER AND COUNTERCLAIMS TO COMPLAINT
CASE NO.: 2:19-CV-06978-AG-ADS

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel)**

3.       Any purported claim for equitable relief set forth in Plaintiff's Complaint is barred by unclean hands, waiver, and/or equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Forum non Conveniens)**

4.       The action should be located in a judicial district where the evidence and witnesses are likely to be located and not in the Central District of California.

**FIFTH AFFIRMATIVE DEFENSE**

**(Invalidity)**

5.       The patent in suit is invalid, in whole or in part, for failure to satisfy at least one of the conditions of patentability set forth in, or otherwise to comply with, Title 35 of the United States Code, inter alia, 35 U.S.C. §§ 101 *et seq.*, as well as any judicial doctrine of invalidity, and Plaintiff's claims for relief are thus barred in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages – 35 U.S.C. § 287(a))**

6.       To the extent that Plaintiff has made any patented products or licensed others to do so between the respective issuance date of the '040 patent and the filing of this lawsuit on August 12, 2019, and has not marked such products or required its licensees to mark such products, Plaintiff's claims for relief against Walmart and prayer for damages from Walmart may be limited under 35 U.S.C. § 287(a), including Plaintiff's failure to provide pre-filing notice of alleged infringement to Walmart.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Limitation on Recovery of Costs – 35 U.S.C. § 288 and/or 28 U.S.C. § 1928)**

7.       Plaintiff's ability to recover costs associated with this action is barred, in whole or in part, under 35 U.S.C. § 288 and/or 28 U.S.C. § 1928.

WALMART'S ANSWER AND COUNTERCLAIMS TO COMPLAINT
CASE NO.: 2:19-CV-06978-AG-ADS

KILPATRICK TOWNSEND 72457678 1

## EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

8.      Walmart specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

## WALMART'S COUNTERCLAIMS FOR DECLARATORY <u>JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY</u>

Defendant/Counterclaim-Plaintiff Walmart Inc. ("Walmart") hereby counterclaims against Plaintiff/Counterclaim-Defendant Caravan Canopy International, Inc. ("Caravan") as follows:

### <u>THE PARTIES</u>

1.      Walmart is a corporation organized under the laws of the State of Delaware having a place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

2.      Upon information and belief, Caravan is a corporation organized under the laws of the state of California, with offices located at 14600 Alondra Boulevard, La Mirada, CA 90638.

### <u>NATURE OF THE ACTION</u>

3.      The USPTO issued U.S. Patent No. 5,944,040 ("the '040 patent") entitled "Collapsible Tent Frame" on August 31, 1999.

4.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Walmart seeks a declaratory judgment that the claims of the '040 patent are invalid and not infringed by Walmart.  An actual controversy over infringement and validity of the '040 patent exists between Walmart and Caravan, as evidenced by the allegations of Caravan's Complaint and Walmart's Answer to the Complaint.

KILPATRICK TOWNSEND 72457678 1

1

## JURISDICTION AND VENUE

2      5.      Walmart's counterclaims arise under the patent laws of the United

3  States, 35 U.S.C. §§ 1, *et seq.*, and the Federal Declaratory Judgment Act, 28

4  U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter under

5  28 U.S.C. §§ 1331 and 1338(a).

6      6.      This Court has personal jurisdiction over Caravan because Caravan has

7  purposely availed itself of the benefits and protections of this jurisdiction by filing

8  the Complaint in this District.

9      7.      Subject to Walmart's affirmative defenses and denials, venue over

10  these counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and

11  1400(b) because, inter alia, Caravan brought its Complaint for infringement of the

12  '040 patent in this Court.

13

## COUNT 1

14

### (Declaratory Judgment of Non-Infringement of the '040 Patent)

15      8.      Walmart realleges and incorporates Paragraphs 1 through 7 of these

16  counterclaims as if fully set forth herein.

17      9.      An actual and justiciable controversy exists between Walmart and

18  Caravan as to whether the claims of the '040 patent are infringed by Walmart.

19      10.      Walmart has not in the past, and does not now, make, use, sell, offer to

20  sell, or import any products that infringe any valid claim of the '040 patent, either

21  directly or indirectly, and Walmart does not and has not infringed, contributed to

22  the infringement of, or induced infringement of any valid claim of the '040 patent

23  either literally or under the doctrine of equivalents.

24      11.      Accordingly, Walmart seeks a judgment declaring that it has not

25  infringed, and is not infringing, the claims of the '040 patent.

26

27

28

## <u>COUNT II</u>

### (Declaratory Judgment of Invalidity of the '040 Patent)

12. Walmart realleges and incorporates Paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. Caravan asserts in this action that Walmart is infringing the '040 patent.

14. On information and belief, the claims of the '040 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112, as follows:

  A. One or more claims of the '040 patent are anticipated under 35 U.S.C. § 102(a) because the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

  B. One or more claims of the '040 patent are anticipated under 35 U.S.C. § 102(b) because the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

  C. One or more claims of the '040 patent are obvious under 35 U.S.C. § 103 because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

  D. One or more claims of the '040 patent are invalid for failing to satisfy the requirements of 35 U.S.C. § 112 because the '040 patent does not contain a written description of the "invention," and it does not explain the manner and process of making and using it, in such full, clear,

- 8 -

1    concise, and exact terms as to enable any person skilled in the art to which

2    it pertains, or with which it is most nearly connected, to make and use the

3    alleged "invention."

4        15.    Accordingly, Walmart seeks a judgment declaring that the claims of

5    the '040 patent are invalid.

6                            **PRAYER FOR RELIEF**

7        Walmart respectfully requests that this Court grant the following relief:

8        A.    Dismiss the Complaint against Walmart with prejudice;

9        B.    Declare that Caravan recover nothing from Walmart;

10       C.    Declare that Walmart has not infringed, either directly or indirectly,

11   and is not infringing, either directly or indirectly, any valid and enforceable claim

12   of the '040 patent;

13       D.    Declare that the '040 patent is invalid;

14       E.    Enjoin Caravan, its officers, agents, servants, employees, attorneys,

15   and representatives, and any successors and assigns thereof, from charging or

16   asserting infringement of any claim of the '040 patent against Walmart or anyone in

17   privity with Walmart;

18       F.    Declare that this is an exceptional case under 35 U.S.C. § 285 due to

19   Caravan's conduct;

20       G.    Award Walmart its costs, disbursements (including expert fees), and

21   reasonable attorney fees incurred in this action; and

22       H.    Award such other and further relief as the Court deems just and proper.

23   Dated:  November 1, 2019              Respectfully submitted

24                                        KILPATRICK TOWNSEND & STOCKTON LLP

25

26                                        By:  */s/ Megan M. Chung*
                                               MEGAN M. CHUNG

27                                        Attorneys for Defendant
                                          WALMART INC.
28

- 9 -

1

## **DEMAND FOR JURY TRIAL**

2      Defendant hereby demands a jury trial on all claims, damages, and any other

3  issues presented herein that are triable to a jury.

4

5  Dated:  November 1, 2019          Respectfully submitted

6                                   KILPATRICK TOWNSEND & STOCKTON LLP

7

8                                   By:    */s/ Megan M. Chung*
                                          MEGAN M. CHUNG

9
                                    Attorneys for Defendant
10                                  WALMART INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALMART'S ANSWER AND COUNTERCLAIMS TO COMPLAINT
CASE NO.: 2:19-CV-06978-AG-ADS

KILPATRICK TOWNSEND 72457678 1